# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAMLET GARCIA, JR. | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF BUCKS, et al. | : | NO. 17-3381 |
| Defendants. | : | |

## MEMORANDUM

MCHUGH, J.                                                                           OCTOBER 26 , 2017

      Plaintiff, who is proceeding *in forma pauperis*, filed an amended complaint in this civil action, which concerns his conviction, violation of probation, and recent incarceration in the Bucks County Jail. Before the Court had an opportunity to screen the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), plaintiff filed a second amended complaint. While plaintiff's amended complaint predominately raises claims based on the conditions in which he was incarcerated in Bucks County, his second amended complaint solely concerns the alleged invalidity of his conviction. For the following reasons, the Court will dismiss the second amended complaint, which is now the operative pleading in this case, and allow plaintiff to file a third amended complaint raising claims based on the conditions in which he was confined at the Bucks County Jail in December of 2016.

## I.     FACTS AND PROCEDURAL HISTORY

      Plaintiff's initial complaint raised numerous claims arising out of his arrest, prosecution, and conviction in 2012, his subsequent conviction for violating probation in 2016, and his incarceration at the Bucks County Jail in 2016. As background, on March 4, 2014, plaintiff pled guilty in the Bucks County Court of Common Pleas to possession of a small amount of

1

marijuana for personal use. *See Commonwealth v. Garcia*, Docket No. CP-09-CR-0002053-2013 (Bucks Cty. Ct. of Common Pleas). He was given probation for one year, with the option to close probation in six months if he paid his costs and did not receive any misconducts.

In March of 2016, plaintiff was found guilty of violating probation/parole due to his failure to pay court costs. According to the initial complaint in this case, plaintiff was given a choice to either serve ninety days to eleven months in jail or agree to be placed on probation for one year. Plaintiff pled guilty to avoid jail time, but was again arrested for violating probation/parole on December 1, 2016. He was incarcerated at the Bucks County Jail and released after a hearing before the Honorable Raymond F. McHugh on December 21, 2016, after his court costs were paid in full.

After granting plaintiff leave to proceed *in forma pauperis*, the Court dismissed plaintiff's initial complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), because plaintiff's claims were either frivolous or failed to state a plausible claim as pled. In particular, the Court held that: (1) any claims based on plaintiff's Moorish heritage or treaties, declarations, and resolutions related to plaintiff's Moorish heritage were frivolous; (2) any claims based on criminal statutes were frivolous because criminal statutes do not provide for a private right of action; (3) plaintiff failed to state a claim under 42 U.S.C. §§ 1985 and 1986 because he failed to allege a conspiracy or the type of race or class based discrimination that is required to state a claim under those statutes; (4) several defendants were not "persons" for purposes of 42 U.S.C. § 1983; (5) any § 1983 claims based on plaintiff's arrest in 2012 were barred by the two-year statute of limitations; (6) prosecutors who were sued were entitled to absolute prosecutorial immunity from plaintiff's § 1983 claims against them; (7) plaintiff's public defender was not a state actor for purposes of § 1983; (8) plaintiff's guilty plea prevented him from challenging the constitutionality of his

2

prosecution, conviction, or related imprisonment; and (9) plaintiff had not explained how several named defendants were personally involved in the alleged violations of his rights so as to state a claim against those defendants. The Court observed that plaintiff might have a basis for challenging the constitutionality of the conditions in which he was confined but noted that "he has not raised claims against any of the individuals responsible for treating him [during his incarceration], and the complaint does not provide a basis for holding any of the named defendants liable for the conditions in the Bucks County Jail." (September 18, 2017 Mem., ECF No. 6 at 12.) Accordingly, the Court gave plaintiff leave to file an amended complaint.

Plaintiff filed an amended complaint naming the following defendants: (1) the County of Bucks; (2) Charles H. Martin, identified as a member of the Bucks County Board of Commissioners; (3) Robert G. Loughery, identified as a member of the Bucks County Board of Commissioners; (4) Diane M. Ellis-Marseglia, identified as a member of the Bucks County Board of Commissioners; (5) the Bucks County Department of Correction; (6) Christopher A. Pirolli, identified as Director of the Bucks County Department of Correction; (7) Susan L. Ward, identified as the Director of Personal Health; (8) John Markey, identified as Director of Mental Health; (9) Clifton Mitchell, identified as the Warden of the Bucks County Correctional Facility; (10) Paul K. Lagana, also identified as the Warden of the Bucks County Correctional Facility; and (11) Christina A. King, identified as the public defender assigned to plaintiff in connection with his criminal case. The thirty-four page complaint contains numerous legal quotes, generalized allegations, and conclusory assertions that do not contribute to plaintiff's claims.[1] Leaving those allegations aside, plaintiff primarily appears to be raising claims based on the

---

[1] For instance, paragraphs 41 through paragraph 116 of the complaint (pages 18 though 30) are almost entirely comprised of legal citations or legalistic allegations that detract from the substance of plaintiff's claims.

3

conditions at the Bucks County Jail during his December 2016 incarceration. He also raises claims against the attorney appointed as his public defender, even though the Court previously informed plaintiff that public defenders are not state actors who are subject to liability under § 1983.

Four days after filing his amended complaint, plaintiff filed a second amended complaint with exhibits totaling eighty-seven pages. The second amended complaint names the County of Bucks and Judge Raymond F. McHugh as the only defendants, and is focused on alleged deficiencies in plaintiff's criminal proceeding. Plaintiff's challenges to his prosecution and related conviction are based on theories that he is a "secured party" under the uniform commercial code and a sovereign citizen. He also appears to be claiming that he is entitled to relief under admiralty law, copyright law, or trademark law. The Court understands plaintiff to be seeking vacatur of his state conviction. The second amended complaint is now the governing pleading in this action, and the Court will address it accordingly.

## II. STANDARD OF REVIEW

As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch.*

*Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The Court will address plaintiff's second amended complaint, as that is the governing pleading in this case. The gist of that pleading is that plaintiff's conviction is invalid—and should be vacated by this Court—because of plaintiff's secured party citizen status and/or because of theories based on admiralty, copyright, or trademark law. Plaintiff's second amended complaint is the epitome of legally frivolous and will be dismissed on that basis.[2] *See Schlager v. Beard*, 398 F. App'x 699, 701 (3d Cir. 2010) (per curiam) ("As the Magistrate Judge accurately noted, the argument that Schlager sought to pursue before the state court—that he is somehow entitled to release from prison because he is a 'Secured Party Sovereign'—is 'the epitome of frivolous.'").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the second amended complaint. Although plaintiff cannot cure the defects in his second amended complaint, it is possible that he could state a claim based on the conditions in which he was confined at the Bucks County Jail in December of 2016, but the present complaint fails to do so because the personal involvement of any individual defendant is unclear. Accordingly, plaintiff will be given leave to file a third

---

[2] The Court already rejected as frivolous plaintiff's allegation that his "plea is void because he reserved his rights under the Uniform Commercial Code and/or because he [did] not consent to a contract with the Commonwealth." (September 18, 2017 Mem., ECF No. 6 at 2 n.2.) The Court also explained to plaintiff that he may not challenge his conviction in a civil rights action because his conviction has not been reversed, vacated, or otherwise invalidated. (*Id.* at 11.) That is so regardless of whether *habeas* relief is still available to plaintiff. *See Williams v. Consovoy*, 453 F.3d 173, 179 (3d Cir. 2006).

amended complaint in the event he can state a plausible basis for a claim against an appropriate defendant or defendants. An appropriate order follows.

BY THE COURT:

/s/ Gerald A. McHugh
GERALD A. MCHUGH, J.