# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAMLET GARCIA, JR., : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | No. 17-3381 |
| : | |
| BUCKS COUNTY JUSTICE CENTER, *et al.*, : | |
| Defendants. : | |

## MEMORANDUM

**McHUGH, J.**                                                                                                  **March 26, 2019**

This is a civil rights case in which Plaintiff has, over the course of multiple complaints, alleged numerous claims arising out of his arrest and incarceration.[1] On July 25, 2018, I dismissed all but two of Plaintiff's claims in an order and memorandum (ECF No. 37 and 38). Plaintiff's two remaining claims are purported § 1983 claims under a *Monell* theory. Plaintiff contends that multiple inmates were held in cells designed to hold a single detainee and that he was repeatedly assigned to a top bunk despite his history of falling. I entered a case management order, permitting the parties time for discovery (ECF Doc. 41). Plaintiff did not avail himself of this opportunity. The remaining parties have now moved for summary judgement, and their motion will be granted.

Summary judgment is warranted for three independent reasons. First, Plaintiff alleges no policy or custom necessary to sustain these two claims under a *Monell* theory. "It is when execution of a government's *policy or custom*, whether made by its lawmakers or by those whose

---

[1] Plaintiff has filed a number of actions in this Court, and I previously dismissed three of them as frivolous. Civil Actions 17-5324, 17-5325, and 17-5326.

edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) (emphasis added).

Second, holding multiple inmates in a cell does not in and of itself constitute a constitutional violation. *See Hubbard v. Taylor (Hubbard II),* 538 F.3d 229, 236 (3d Cir. 2008) (pretrial detainees do not have a right "to be free from triple-celling").[2] It must be demonstrated that the effects of such a practice are sufficiently severe as to violate the Eighth Amendment.

Third, Plaintiff failed timely to respond to Defendants' properly served Requests for Admission (ECF No. 48-2) and through such failure has effectively admitted there were no constitutional violations. Defendants served these Requests for Admission on Plaintiff on November 9, 2018 (ECF No. 48-3, Ex. A). Plaintiff acknowledged receiving these Requests (ECF No. 48-3, Ex. C) on November 9, 2018 but did not respond to the Requests except through his February 22, 2019 response to Defendants' Motion for Summary Judgment (ECF No. 49)—106 days after Defendants filed their Requests and 15 days after Defendants filed their summary judgment motion.

In these Requests, Defendants asked Plaintiff to admit, among other things, that he (1) did not notify any prison official about his sleeping habits, (2) had no communication with prison officials relating to bunk assignments, (3) did not fall off a top bunk during his incarceration, (4) was not placed in a fifteen by eighteen foot room during his incarceration, (5) was not placed in a room with at least fifteen other inmates during his incarceration, (6) was not placed in a room with over ten inmates and a single toilet during his incarceration, (7) was never deprived of any

---

[2] See also *North v. White,* 152 F. App'x 111, 113 (3d Cir.2005) (per curiam) ("Double or triple-bunking of cells, alone, is not per se unconstitutional.").

basic human need during his incarceration, and (8) did not sustain any injuries during his incarceration (ECF No. 48-3, Ex. A).

Under the Federal Rules of Civil Procedure, Plaintiff's failure to respond to these Requests for 106 days after service renders them admitted. *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection.").

Plaintiff, through an affidavit attached to a document I construe to be his response to Defendants' Motion for Summary Judgment, now denies his prior admissions (ECF No. 49). But those admissions are binding absent leave of court. *See* Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."). *See also Sec'y United States Dep't of Labor v. Kwasny*, 853 F.3d 87, 91 (3d Cir. 2017) ("Matters deemed admitted due to a party's failure to respond to requests for admission are 'conclusively established' under Federal Rule of Civil Procedure 36(b), and may support a summary judgment motion."); *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001).[3] In considering whether to permit a party to withdraw admissions, a district court must consider whether the opposing party will be prejudiced and may consider other factors such as whether there is good cause for the delay. *Gwynn v. City of Philadelphia,* 719 F.3d 295 (3d Cir. 2013).

Here, given Plaintiff's approach to this litigation, characterized by filings in which he denies the legitimacy and authority of the court whose jurisdiction he has invoked, Defendants appropriately made use of the Federal Rules of Civil Procedure and reasonably relied upon the

---

[3] *See also DirectTV, Inc. v. Jarvis*, 262 F. App'x. 413 (3d Cir. 2008) (affirming district court's decision deeming plaintiff's untimely responses to requests for admission as conclusively admitted).

case management order. They would undeniably be prejudiced if Plaintiff is allowed to flaunt both the Rules and the orders of this court and thereby prolong this litigation. Nor has Plaintiff offered any reason for his failure to respond. In that regard, although Plaintiff is proceeding *pro se*, his lengthy, elaborate, and stylized submissions to the Court show that he is fully capable of understanding the rules.

In summary, despite Plaintiff having filed many frivolous claims, I granted him leave to conduct discovery, which he has not done. He has not advanced factual or legal support for his remaining claims ignored Defendants' requests for admissions. There remain no material issues in dispute and so I will grant Defendants' Motion for Summary Judgment.

      /s/ Gerald Austin McHugh
United States District Judge